Argued and submitted September 15; order of Court of Appeals reversed, and case remanded to Court of Appeals for further proceedings December 31, 2020

Annunziata GOULD,
*Petitioner on Review,*

*v.*

DESCHUTES COUNTY
and Central Land & Cattle Co., LLC,
*Respondents on Review.*

(LUBA 2018-140) (CA A171603) (SC S067074)

478 P3d 982

Intending to challenge a final order of the Land Use Board of Appeals (LUBA), petitioner, through her lawyer, mailed her petition for judicial review to the Appellate Court Administrator by first-class mail on the last day of the appeals period – July 12, 2019, a Friday. When the petition was delivered to the Appellate Court Administrator on the following Monday, the Appellate Commissioner issued an order dismissing it as untimely. Petitioner sought reconsideration by the Court of Appeals, arguing that the petition had been mailed in accordance with the requirements of ORS 19.260(1)(a)(B), so that it must be deemed filed on the date it was mailed. The Court of Appeals denied reconsideration, citing its decision in *State v. Chapman*, 298 Or App 604, 448 P3d 721 (2019), to the effect that, in no circumstances would mailing a notice of appeal by ordinary first-class mail satisfy the requirement in ORS 19.260(1)(a)(B) that the notice be sent by a "class of delivery calculated to achieve delivery within three calendar days." Petitioner sought review, arguing that the Court of Appeals had misconstrued ORS 19.260(1)(a)(B) in *Chapman* and thus had erred in relying on that decision to dismiss her petition for judicial review as untimely. *Held*: In the particular circumstances in which petitioner mailed her petition for judicial review, the requirement in ORS 19.260(1)(a)(B) that the petition be sent by a "class of delivery calculated to achieve delivery within three calendar days" was satisfied by sending it by ordinary first-class mail, meaning that the mailing date was the date of filing and, therefore, that the petition was timely filed.

The order of the Court of Appeals is reversed, and the case is remanded to the Court of Appeals for further proceedings.

En Banc

On review of an order of the Court of Appeals.*

Wendy M. Margolis, Cosgrave Vergeer Kester, LLP Portland, argued the cause and filed the briefs for petitioner on review.

_____

* Order of dismissal issued by Theresa M. Kidd, Appellate Commissioner, on July 18, 2019; order denying reconsideration of order of dismissal issued by James C. Egan, Chief Judge, on August 9, 2019.

Sara Kobak, Schwabe, Williamson & Wyatt, P.C., argued the cause and filed the brief for respondent Central Land & Cattle Co., on review. Also on the brief were J. Kenneth Katzaroff and Liz Fancher, Law Office of Liz Fancher, Bend. Amy Heverly, Deschutes County Legal Counsel, Bend, filed the brief for respondent Deschutes County.

NAKAMOTO, J.

The order of the Court of Appeals is reversed, and the case is remanded to the Court of Appeals for further proceedings.

## NAKAMOTO, J.

This companion case to *State v. Chapman*, 367 Or 388, 478 P3d 960 (2020), also decided today, concerns the requirements set out in ORS 19.260(1)(a)(B) for the filing date of a petition for judicial review to relate back to its mailing date. That statute provides that the mailing date of a notice of appeal will count as its filing date if it is mailed or dispatched to the appellate court by a "class of delivery calculated to achieve delivery within three calendar days."

In *Chapman*, we considered an appellant's contention that the Court of Appeals had wrongly dismissed her notice of appeal as untimely when she had sent it to the court on the last day of the appeals period by ordinary first-class mail through the United States Postal Service (USPS). She asserted that, under ORS 19.260(1)(a)(B), her filing was timely, but the Court of Appeals concluded that ORS 19.260(1)(a)(B) could not in any circumstances apply to a notice of appeal sent by ordinary first-class mail. On review, we analyzed the statute differently and reversed. We concluded that, depending on the particular circumstances in which an appellant sends a notice of appeal by ordinary first-class mail, the relation-back benefit that ORS 19.260 (1)(a)(B) provides may apply. In Chapman's case, we concluded that her notice of appeal had been filed on the date it was mailed and should not have been dismissed as untimely. *Chapman*, 367 Or at 414-15.

In the present case, petitioner similarly contends that the Court of Appeals wrongly dismissed her petition for judicial review of an order of the Land Use Board of Appeals as untimely when she had mailed the petition by ordinary first-class mail on the last day of the appeals period.[1] The particular circumstances in which petitioner mailed her petition for judicial review are different from those at issue in *Chapman*. We apply the legal rule in *Chapman* to determine whether mailing the petition for judicial review to the

---

[1] A petition for judicial review is the same as a notice of appeal for purposes of ORS 19.260(1)(a)(B). *See* ORS 19.260(4) ("Except as otherwise provided by law, the provisions of this section are applicable to petitions for judicial review, cross petitions for judicial review and petitions under the original jurisdiction of the Supreme Court or Court of Appeals.").

Appellate Court Administrator in Salem on a Friday, from a post office in Portland, qualifies for the relation-back benefit in ORS 19.260(1)(a)(B). We conclude that ORS 19.260(1)(a)(B) does apply and that, as a consequence, petitioner's petition for judicial review was timely filed and should not have been dismissed.

The relevant facts are as follows. Petitioner was a party to a proceeding before the Land Use Board of Appeals (LUBA). LUBA delivered its final order in the matter on June 21, 2019, and petitioner sought to challenge it. Under ORS 197.850(3)(a), petitioner could obtain judicial review of the final order by filing a petition in the Court of Appeals "within 21 days following the date the board delivered or mailed the order upon which the petition is based." Twenty-one days from June 21, 2019, was July 12, 2019, a Friday.

Petitioner's lawyer prepared a petition for judicial review and, on July 12, 2019, directed his legal assistant to mail it to the Appellate Court Administrator, along with a certificate of filing and service indicating that the petition was being filed and served by certified mail, return receipt requested. He directed her to mail service copies of the petition for judicial review at the same time.

Although the lawyer had intended that the petitions be sent by certified mail, return receipt requested, as stated in the certificate of filing and service that was enclosed, the legal assistant instead sent them by first-class mail and purchased a certificate of mailing for each one.[2] The legal assistant also obtained a receipt from the USPS showing that the envelopes containing the petitions had been mailed at 3:27 p.m. on Friday, July 12, 2019, from the Waterfront Post Office in Portland (zip code 97204); that, for each envelope, the post office had received $2.05 for postage and $1.45 for a "certificate of mailing"; and that the "estimated delivery date" for each envelope, including the one addressed to the Appellate Court Administrator in Salem (zip code 97301), was Monday, July 15. A postage validation imprint (PVI) label that the post office affixed to the envelope sent to the

---

[2] A certificate of mailing shows that mail was sent on a certain date but does not prove or confirm delivery; certified mail shows that the mail was both sent and delivered.

Appellate Court Administrator also shows that that envelope was mailed on July 12.

The petition for judicial review was delivered to the Appellate Court Administrator on Monday, July 15, the date estimated on the USPS receipt. Shortly thereafter, the Appellate Commissioner issued an order dismissing the petition as untimely, explaining that it had been received by the court on July 15, 2019—more than 21 days from the date that the LUBA order had been served.

Petitioner sought reconsideration by the Court of Appeals, arguing that, under ORS 19.260(1)(a)(B), the petition had been filed on July 12, 2019, when it was mailed.[3] Simultaneously, petitioner filed a copy of the receipt that her lawyer's legal assistant had obtained when she mailed the petition to the Appellate Court Administrator along with a "Certificate of Mailing under ORS 19.260(1)(b)." In that certificate, petitioner's lawyer certified that he had (1) caused the original petition for judicial review to be mailed to the Appellate Court Administrator on July 12, 2019, by "first class mail, a class of delivery calculated to achieve delivery within three calendar days," and (2) attached copies of a certificate of mailing and the USPS receipt described above, showing the mailing date as July 12, 2019 and an estimated delivery date of July 15, 2019. The court denied reconsideration, citing its decision in *Chapman* for the proposition that "mailing a notice of appeal by ordinary first-class mail does not accomplish filing on the date of mailing."

In *Chapman*, as in the present case, the question was whether, when the appellant sent her notice of appeal to the Appellate Court Administrator by first-class mail, she had mailed it by "a class of delivery calculated to achieve delivery within three calendar days." ORS 19.260(1)(a)(B).

---

[3] ORS 19.260(1)(a)(B) provides that, if filing of a notice of appeal is accomplished by mail or delivery, the date of filing is the date of mailing or dispatch if the notice is

"[m]ailed or dispatched via the United States Postal Service or a commercial delivery service by a class of delivery calculated to achieve delivery within three calendar days, and the party filing the notice has proof from the United States Postal Service or the commercial delivery service of the mailing or dispatch date."

The Court of Appeals interpreted those words as requiring mailing by a class of delivery that the USPS or commercial delivery service had *designed* to achieve delivery, *in all circumstances*, within three calendar days. *State v. Chapman*, 298 Or App 604, 606-07, 448 P3d 721 (2019). And because the USPS's public website describes first-class mail in terms of delivery within "1-3 *business* days"—a different time period than within "three *calendar* days"—the court concluded that notices sent by ordinary first-class mail *categorically* would not fall within the scope of the provision. *Id.* at 607-14. Thus, the Court of Appeals held, the simple fact that the appellant had sent her petition for judicial review to the court by first-class mail precluded treating the mailing date as the filing date under ORS 19.260(1)(a)(B). *Id.* at 614.

When the Court of Appeals cited its *Chapman* decision in its order denying reconsideration in the present case, it was appealing to that same rationale. But petitioner here argues that the Court of Appeals was wrong in *Chapman* about the meaning of ORS 19.260(1)(a)(B)—and therefore was wrong to rely on *Chapman* in dismissing her petition for judicial review.

As evident from our decision today in *Chapman*, we agree with petitioner that the Court of Appeals misinterpreted ORS 19.260(1)(a)(B) in its decision. In our opinion reversing the Court of Appeals decision in that case, we held that, when ORS 19.260(1)(a)(B) refers to a class of delivery "calculated to achieve delivery within three calendar days," it is referring to a class that is designed or purposefully estimated by the delivery service to achieve delivery in that time period. We further concluded that, contrary to the Court of Appeals' interpretation of the provision, the class of delivery need not be one that is designed or estimated to achieve delivery *as a class and in all circumstances* within three calendar days; rather, the class of delivery must be designed to achieve delivery *of the particular notice of appeal* within that time period. *Chapman*, 367 Or at 415. Applying that interpretation of ORS 19.260 (1)(a)(B), we held that, because the appellant had mailed her notice of appeal by ordinary first-class mail on a Monday in

a week without holidays, the "1-3 business days" in which that class of mail had been designed to achieve delivery[4] was, for that notice of appeal, the same as the "three calendar days" that ORS 19.260(1)(a)(B) required. *Id*. And, after rejecting an alternative theory for dismissal based on proof-of-mailing-date requirements in ORS 19.260(1)(b) that are not at issue here, we held that ORS 19.260(1)(a)(B) applied in the circumstances and that the appellant timely filed her notice of appeal on the date that she had mailed it. *Id*.

What follows from the rule in *Chapman*—that to obtain the relation-back benefit provided in ORS 19.260 (1)(a)(B), the class of delivery chosen by a litigant to file a notice of appeal must be one that is designed or estimated by the USPS (or commercial delivery service) to achieve delivery *of that notice* within three calendar days—is a case-specific examination of the circumstances in which petitioner here filed her petition for judicial review. In *Chapman*, the appellant had mailed her notice of appeal on a Monday in a week without business holidays, meaning that the "1-3 business day[]" delivery time that the USPS had advertised on its public website for first-class mail was the same as the "three calendar day[]" delivery time required by ORS 19.260 (1)(a)(B). By contrast, petitioner here mailed her petition for judicial review on a Friday—a day of the week that is followed by one day (Sunday) that would not count in the "1-3 business day[]" delivery time advertised on the USPS website that this court relied on in *Chapman*.[5] Petitioner thus cannot lay claim to the same circumstance that won the day for the appellant in *Chapman*.

---

[4] As noted, the "1-3 business day[]" delivery period was drawn from the USPS public website. In *Chapman*, 367 Or at 415, we accepted the website as showing that the USPS designed first-class mail to achieve delivery within one to three business days.

[5] Although "business day" is ordinarily understood to refer only to weekdays that are not major holidays, *Black's Law Dictionary* 480 (10th ed 2014), Saturdays are business days for purposes of USPS operations. *See* USPS Hold Mail - The Basics, *available at* https://faq.usps.com/s/article/USPS-Hold-Mail-The-Basics (accessed Dec 17, 2020) ("Postal business days are Monday through Saturday, with the exception of Postal holidays"); *Liu v. United States*, 93 Fed Cl 184, 191 n 7 (2010) (taking judicial notice of statements on USPS website that "Postal Service business days are Monday through Saturday every week, excluding Postal holidays").

Petitioner argues that, nevertheless, in the circumstances in which she mailed her petition for judicial review to the Appellate Court Administrator, first-class mail was a class of delivery that was calculated by the USPS to achieve delivery of her petition within three calendar days. She identifies two relevant circumstances. First, she mailed her petition from a post office in Portland to the court in Salem, a delivery distance for which the USPS has set a two-day service standard for first-class mail. *See* 39 CFR § 121.1(b)(2) (two-day service standard for inter-Sectional Facility Center first-class mail if the drive time between origin and destination processing and distribution centers is six hours or less); USPS Postal Pro, Service Standard Maps, *available at* https://postalpro.usps.com/ppro-tools/service-standards-maps (accessed Dec 17, 2020) (showing two-day service standard for first class-mail sent from Portland area zip codes to all but the southeast corner of Oregon). Second, at least in an ordinary nonholiday week, the two-day service standard would amount to three calendar days even for items sent on a Friday; of the three calendar days that follow any Friday, only one (the Sunday) would not be a USPS business day. USPS.com: Service Commitments, *available at* https://postcalc.usps.com/ServiceCommitments (accessed Dec 17, 2020) (showing expected delivery on following Monday for first-class mail sent on Friday from 97204 zip code to 97301 zip code). Petitioner also notes that that two-day (*i.e.*, two USPS business day) service standard is reflected on the USPS receipt that her lawyer's legal assistant received when she mailed the notice of appeal: The receipt, issued by the Portland Waterfront Post Office, shows that six large envelopes were mailed from that location on Friday, July 12, 2019, and that the "Expected Delivery Date" for the envelopes sent to the 97301 zip code was Monday, July 15, 2019.

Respondent contends, however, that when ORS 19.260 (1)(a)(B) refers to a "class of delivery calculated to achieve delivery within three calendar days," it is looking for a "known" and "objective" delivery standard assigned to the class as a whole by the delivery service—and the USPS service standards touted by petitioner do not qualify. Instead, respondent argues, those service standards are "subjective" and uncertain, in that they provide varying estimates

of delivery times based on individual circumstances. In respondent's estimation, only the "1-3 business day[]" range of delivery set out in the USPS public website is responsive to the inquiry required by ORS 19.260(1)(a)(B).

Petitioner responds that there is nothing subjective or uncertain about varying the standard delivery time based on objective facts, such as the day of the week of the mailing or the place of the mailing and of the delivery. In fact, petitioner argues, that is precisely what the USPS does: Rather than assigning a single delivery standard to all first-class mail, it provides different standards that account for distances between points of origin and delivery. And, particularly when the "three calendar day[]" requirement of ORS 19.260(1)(a)(B) does not align easily with the ways in which either the USPS or commercial carriers typically promote their services,[6] petitioner continues, it makes sense to assume that the legislature intended that appellants would select a qualifying delivery class based on the carrier's estimated delivery date for the particular notice of appeal sent by that class. Thus, a litigant would be choosing a class of delivery based on existing standards designed by the USPS or the commercial carrier and offered to the public that would pertain to the circumstances in which that notice of appeal would be mailed.

We agree with petitioner. While it seems clear that ORS 19.260(1)(a)(B) demands objective and consistent standards that are formally offered or made known to the public by the USPS or commercial delivery service,[7] nothing in the provision suggests that, for first-class mail, *only* the "1-3 business day[]" bullet point entry set out on the USPS website would qualify. The service standards for first-class

---

[6] Petitioner notes that, like the USPS, the major commercial delivery services set out most of their delivery standards in terms of business days, not calendar days.

[7] As we noted in *Chapman*, 367 Or at 399 n 8, ORS 19.260(1)(a)(B) implies that it is the USPS or commercial delivery service that must calculate that the class of delivery will achieve delivery within three calendar days. That fact, and the fact that the delivery service's calculation must be accessible to the appellate courts, which must determine whether ORS 19.260(1)(a)(B) applies to the notices of appeal they receive, suggests a standard or estimate that is formally offered or made known to the public by the delivery service. An informal estimate, such as one might get from an *employee* of the delivery service, would not qualify.

mail on which petitioner relies depend on objective criteria consistently applied to the circumstances of a particular mailing. And while those service standards are not publicized by the USPS to the same extent as the "1-3 business day[]" standard, they are available to the public—and to the appellate courts—in the Code of Federal Regulations and on USPS public websites. They also are reflected in automatically generated "expected delivery date[s]" on receipts such as the one that petitioner submitted here as proof of the date of mailing.

Accordingly, we conclude that, when petitioner sent her petition for judicial review by first-class mail from a Portland post office to the Appellate Court Administrator in Salem on a Friday afternoon, she sent the petition by a "class of delivery calculated to achieve delivery within three calendar days." In the absence of any argument that she did not have or file proof of the date she mailed her petition, the petition must be deemed filed on the date that she mailed it, as provided in ORS 19.260(1)(a)(B). Her petition for judicial review was timely filed, and the Court of Appeals erred in concluding otherwise.

The order of the Court of Appeals is reversed, and the case is remanded to the Court of Appeals for further proceedings.